IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRENT JOHN TOMPKINS, | ) |
| Plaintiff, | ) Civil Action No. 20-1141 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 13 |
| LAUREN HACKETTT, *Public Defender*, | ) |
| Defendant. | ) |

# OPINION

Plaintiff Trenton John Tompkins ("Plaintiff") brings this pro se action pursuant to 42 U.S.C. § 1983 against Mercer County Assistant Public Defender, Lauren Hackett ("Hackett"). Plaintiff alleges Hackett "may have conspired with the district attorney's office, the county jail and the local polygraph examiner to deprive plaintiff, whom she represented, of his rights by lying to him as part of a ruse to help manufacture evidence." ECF No. 7 at 2. Plaintiff further alleges that this conspiracy deprived him of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution in connection with criminal charges for rape and sexual assault of a person less than 13 years of age and corruption of minors.[1]  Id. at 2-7.

---

[1] On February 16, 2019, Plaintiff pleaded guilty to indecent assault of a person less than 13 years of age and corruption of minors.  ECF No. 7 ¶ 29; see also Court of Common Pleas of Mercer County Pennsylvania Docket No. CP-43-CR-0001578-2017, https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-43-CR-0001578-2017&dnh=suomb7oTBdHUSQp8xcPknA%3d%3d (last reviewed December 3, 2020).

The Court notes that in reviewing the pending motion to dismiss, it may consider matters of public record and other matters of which a court may take judicial notice. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) *overruled in irrelevant part by* Rotkiske v. Klemm, 890 F.3d 422, 428 (3d Cir. 2018) (citing 5A Wright and Miller, Federal Practice and Procedure: Civil 2d, § 1357); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)). A court may also consider indisputably authentic documents. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); Golden v. Cook, 293 F. Supp. 2d 546, 551 (W.D. Pa. 2003) ("[C]ourts are permitted to consider matters of which they may take judicial notice, including records and reports of administrative bodies, and publicly available records and transcripts from judicial proceedings 'in related or underlying cases which have a direct relation to the matters at issue.'") (citations omitted). Accordingly, the Court makes reference to Plaintiff's underlying criminal proceedings as documented on the publicly available docket of the trial court.

Hackett has filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state any plausible claim to relief. ECF No. 13. For the following reasons, the Motion to Dismiss is granted and the Complaint is dismissed with prejudice.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Shortly after Plaintiff's arrest on child rape and sexual assault charges, the Mercer County Court of Common Pleas appointed Hackett, a Mercer County Assistant Public Defender, to represent him. ECF No. 7 at 3. Hackett informed Plaintiff that prosecutors agreed to drop the charges against him if he agreed to take and pass a polygraph test. Thereafter, Plaintiff states he suffered a mental health crisis and sustained injuries related to a physical altercation in jail. Id. Plaintiff alleges it is unknown if Hackett was aware of his physical or psychiatric condition; however, his family retained private counsel. With the retention of private counsel, Hackett no longer represented Plaintiff.[2] The polygraph examination occurred as previously arranged without the presence of either attorney. Private counsel was unaware that the examination had been scheduled "and would have stopped it had he known." Id. at 4. Plaintiff acknowledges that he made "incriminating statements before the polygraph machine [was] attached." Id.

Plaintiff alleges that at some point before retention of private counsel, Hackett entered into a plea agreement with prosecutors that was different from the final agreement accepted by private counsel. Id. at 6. Plaintiff contends the later agreement added at least a year to his sentence. Plaintiff states he has attempted repeatedly to communicate with Hackett to obtain information regarding the initial plea agreement negotiated by her, but Hackett has failed to respond to any of

---

[2] The docket of Plaintiff's criminal case reflects that on November 2, 2017, following the entry of appearance of private counsel on Plaintiff's behalf, the trial court granted Mercer County Public Defender's Office Motion to Withdraw Appearance. See fn 1.

Plaintiff's letters. The Mercer County Public Defender's Office has instructed Plaintiff that Hackett will communicate only with Plaintiff's PCRA counsel. Id. at 6-7.

Plaintiff alleges that Hackett's agreement to subject Plaintiff to a polygraph examination was part of a "scheme with prosecutors," and violated his constitutional rights. Plaintiff contends that his rights continue to be violated by her refusal to communicate with him.

Hackett responded to Plaintiff's Complaint with the filing of the pending Motion to Dismiss and Brief in Support, ECF Nos. 13 and 14. Plaintiff has filed a Brief in Opposition to Dismissal, ECF No. 19. The Motion to Dismiss is now ripe for consideration.[3]

## II.     STANDARD OF REVIEW

### A. Motion to Dismiss

The United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In assessing the sufficiency of a complaint, the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555. Rather, "[f]actual

---

[3] All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case. ECF Nos. 5 and 21.

allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. The complaint must allege facts that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of 'the necessary element[s]' [of his claim].") Id., 515 F.3d at 234. In sum, a motion to dismiss should be granted if a party does not allege facts which could, if established at trial, entitle him to relief. See Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2010).

### B. *Pro Se* Pleadings and Filings

*Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner ... may be inartfully drawn and should … be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (*overruled on other grounds*); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard; Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

However, there are limits to the court's procedural flexibility — "pro se litigants still must allege sufficient facts in their complaints to support a claim .... they cannot flout procedural rules

— they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Accordingly, because Plaintiff is a pro se litigant, this Court will consider the facts and make inferences where it is appropriate.

### III. DISCUSSION

#### A. Heck v. Humphrey

Hackett contends that pursuant to the holding of the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), this Court lacks jurisdiction over Plaintiff's claims and, therefore, the Complaint should be dismissed. ECF No. 14 at 4. The Court agrees that Heck bars Plaintiff's claims but not on jurisdictional grounds. Rather, Heck describes a limitation on the scope of claims provided relief under 42 U.S.C. § 1983. (3d Cir. 2018). Ortiz v. New Jersey State Police, 747 F. App'x 73, 77 (3d Cir. 2018). Heck makes clear that in the absence of proof that a conviction or sentence has been reversed on direct appeal, no cause of action exists under § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" or would "necessarily imply the invalidity of" the conviction. Heck, 512 U.S. at 481-82. "Thus, a plaintiff may not sue 'for alleged unconstitutional conduct that would invalidate his or her underlying sentence or conviction unless that conviction has already been' favorably terminated. Ortiz, 747 F. App'x at 77 (quoting Grier v. Klem, 591 F.3d 672, 677 (3d Cir. 2010)).

Plaintiff's claims regarding the polygraph examination and the length of his sentence are predicated on allegations of misconduct by defense counsel that would necessarily imply the invalidity of his conviction and sentence. The docket of Plaintiff's criminal proceedings makes clear that he is actively pursuing a post-conviction appeal in state court but has not yet obtained relief through a termination in his favor. Accordingly, because Plaintiff's claims for damages

relate to a conviction and sentence that have not been invalidated, his current suit is not cognizable under § 1983. Heck, 512 U.S. at 486-87.

This case is distinguishable from Grier, upon which Plaintiff relies for the proposition that through this action he is merely improving a potential challenge to his conviction and thus is not barred by Heck. ECF No. 19. In Grier, the United States Court of Appeals for the Third Circuit permitted a civil rights action against state actors to proceed to allow the criminal defendant to obtain DNA testing of evidence in state custody. The results of prospective testing would not necessarily call into question the validity of a conviction because the results of the testing could just as likely be inculpatory. Grier, 591 F.3d at 678 ("Even if Grier does prevail on this § 1983 claim, he will merely gain access to biological evidence, which in and of itself cannot invalidate or undermine his convictions."). In contrast, Plaintiff's search for a collateral judicial determination that the polygraph examination, interrogation, and the length of his sentence violated his constitutional rights will not give rise to benign or potentially inculpatory evidence, but directly challenges the basis of his plea agreement and the calculation of his sentence. Under these circumstances, Heck bars his claims in the absence of a favorable resolution of his post-conviction appeal and requires that this action be dismissed for failure to state a claim upon which relief may be granted.

### B. State Action

Alternatively, Hackett argues that Plaintiff fails to plead a prima facie claim under § 1983 because he fails to allege that his civil rights were violated by a person acting under color of state law. "Section 1983 provides a civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]'" Halsey v. Pfeiffer, 750 F.3d 273, 290 (3d Cir. 2014) (quoting 42 U.S.C. § 1983). To obtain relief under § 1983, a plaintiff

must show: (1) that he suffered a violation of a right secured by the Constitution and laws of the United States; and, (2) that the alleged deprivation was committed by a person acting under the color of state law.  See Karns v. Shanahan, 879 F.3d 504, 520 (3d Cir. 2018) (citations omitted).

The law is clear that a public defender acting within the scope of his/her professional duties is immune from civil liability under Section 1983.  "[A]ttorneys are not subject to § 1983 claims on the basis that they are officers of the court.  This is true whether they are private attorneys or public defenders." Rushing v. Pennsylvania, 637 F. App'x 55, 57 (3d Cir. 2016) (citing Polk County v. Dodson, 454 U.S. 312, 324-25 (1981)).  Thus, to the extent that Plaintiff contends that Hackett's conduct resulted in ineffective assistance of counsel during his criminal proceedings, or the violation of his Fifth, Sixth or Fourteenth Amendment rights, such claims are not actionable under Section 1983.  Because these claims are untenable and not amenable to amendment, the Complaint will be dismissed with prejudice.[4]

## IV.     CONCLUSION

For the foregoing reasons, the Motion to Dismiss, ECF No. 13, is granted.  Because leave to amend would be futile, the Plaintiff's Complaint is dismissed with prejudice.  Grayson v.

---

[4] Given the recommended disposition of this action, the Court need not discuss at length Hackett's third basis for dismissal: the legal insufficiency of Plaintiff's conspiracy claim.  ECF No. 14 at 7.  However, the Court agrees that Plaintiff's claim is improperly based on speculation and lacks the specificity necessary to state a conspiracy claim. See Siminick v. City of Hermitage, No. 15-cv-63, 2018 WL 1505566, at *3 (Mar. 27, 2018).  A plausible conspiracy claim requires allegations with particularity "that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose.  Further, in light of Twombly and its progeny, there must be 'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.'" Id. (quoting Great Western Mining & Mineral Co., 615 F.3d 159, 178 (3d Cir. 2010)).  Because Plaintiff does not allege the necessary factual basis to for a plausible inference of an agreement between Hackett and the prosecutor, dismissal of this claim is appropriate.

Mayview State Hospital, 293 F.3d 103, 112-13 (3d Cir. 2002).   An appropriate Order will be separately entered.

BY THE COURT:

<u>/s/ Maureen P. Kelly</u>
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: December 3, 2020

cc:     All counsel of record by Notice of Electronic Filing

         Trenton John Tompkins
         QA-1283
         SCI - Fayette
         50 Overlook Drive
         LaBelle, PA 16137